Good morning, Your Honors. May it please the Court. My name is George Boisseau. I represent Mr. Harrison. The single issue before this Court is Mr. Harrison's contention that no rational jury could find premeditation or deliberation for this attempted murder conviction beyond a reasonable doubt. And despite the deferential standard of review this Court has regarding these claims, there is nothing that no rational jury could find this premeditation or deliberation. Remember, we're on habeas. And we have to review this through the Anti-Terrorism Effective Death Penalty Act. Correct. If we were to, for the Federal court to grant habeas relief, we would have to ultimately conclude that it was the State court of appeals decision was an unreasonable application of the Jackson standard. That's true, Your Honor. That would be the second prong. Right. So why was this an unreasonable? They clearly applied, the State court of appeal applied the appropriate standard. Why was their application of the standard an unreasonable application? Under these facts. I mean, the Court must apply, must give credence to the factual determinations by the State court, also all the inferences, all reasonable inferences that support the verdict in this particular case. But in this case, the evidence supporting the premeditation and the deliberation and the inferences we contend are unreasonable. And that really applies to the factual determinations, whether these factual determinations are an unreasonable determination. And Mr. Harrison contends they are unreasonable. Now, it is true that the State court, when reviewing this, applied the Jackson standard and they also applied the framework within the California for evaluating whether sufficient evidence of premeditation deliberation, that would be the Anderson standard. We have to look at planning, motive, or the method of attack that would support planning or motive. In this particular case, and I contend that the evidence is insufficient and there's no rational jury could find that there was evidence of planning, that there was evidence of that Mr. Harrison had any motive, or that the method of attack would support the inference that there was planning or somehow motive. And that's the criteria that the Court has to look at in evaluating these, the claim deliberation. Now, the difference in California in attempted murder is that attempted murder has an express intent to kill in order to make it attempted murder. And then there's a second prong of that. Assuming there is express intent to kill, the jury is asked to determine on a special verdict whether or not there's premeditation deliberation, making it a penalty enhancement which subjects the petitioner to life imprisonment as opposed to a term of years. In this case, the evidence, all the evidence presented to the jury suggests that this was a frenzied attack by Mr. Harrison. He is, he is, he spends the entire day with Ms. Namoki. They're drinking. There are other people present. And at one point in time, at that time. Have an argument. He was upset with her. Well, yes, he was upset with her. He didn't come home the night before. Well, but he didn't stab her the night before. He cut up her clothing. That's true. He cut up her clothing. And they had an argument. They were continuing to argue. They're continuing to drinking all night, all day. And toward the end of the day, when other people are present, Mr. Harrison grabs a knife and stabs her in a frenzied attack. He doesn't grab a knife. He goes to another room to get a knife and opens a drawer. He opens a drawer, gets a knife, and stabs her. Now. She was out on the balcony with her children, and he goes out there and attacks her when she's out there. And certainly I don't contest the facts. I mean, those are the. Act quite vigorously. And the question is, does the fact that he attacked her vigorously support the inference of premeditation? It certainly. Friends stopped him, and they went back inside. And after about a minute and a half or so, whatever the testimony was, he goes back out there and starts again. Yes. I agree with the Court. Those are the facts, and I don't contest those facts. Just stop until the neighbor sees and screams and yells. And he stops. He goes back in. At that point in time, he leaves. His friends take him away. He leaves. He takes his clothing. And I don't contest the facts. It's the inferences that I contest, whether they support a finding of premeditation deliberation. Certainly the attempt to kill is not disputed. And the nature of the attack supports the fact that he had an intention to kill. The injuries support that he had an intention to kill. But do they support reasonably the inference that he premeditated or deliberated? And the issue is, is that what is the key word in terms of premeditation deliberation? It's reflection. Does he have time to reflect upon his actions, the nature of his actions, the consequences? You can reflect in 30 seconds. Pardon me, Your Honor? You can reflect in 30 seconds. Yes. You can reflect in a short period of time. California law does not require you to have any specific time. So what's the argument about time? Well, the item, I think the issue of time is really, I would agree that the issue if the court looked at the issue of time, it's the breaking of the initial attack and the second attack and whether that supplied time to reflect. But is time to get the knife, time to go with the knife? There's lots of time for him to reflect on what he's doing. Well. Well, you've got a very difficult case, and I'm sure you realize that. I do not deny the fact it's difficult, especially under this standard of review. I fully acknowledge that. That's the one we're operating under. Yes. But the question is, is that, I mean, that doesn't mean there's no review. And the district court reviewed the record, and I contend that the district court was wrong in terms of how it went to review. And this Court is sitting under a Jackson de novo review, can come to the conclusion that no rational trier fact would find premeditation to deliberation. And that's not quite what we do. We have to say that the State court of appeals decision was objectively unreasonable, was an objectively unreasonable application of the Jackson standard. Your Honor, I would agree. I mean, the Anti-Death Penalty Act of 1996 put this other layer of review upon this court and district courts reviewing it. I grant that. But my query is whether or not that really changes the standard of Jackson and the de novo review under Jackson that this court undertakes and district court undertakes. And my contention is, is that that really, it changes the language, but it really doesn't change the nature of the review. Have you read some of the decisions? Of course it's changed the standard of review. Well, the last decision from this court, it was the, really asked this court review it under the Jackson de novo review. I'm not saying it is the de novo review normally associated with this court, but the reasonable jury could find proof beyond a reasonable doubt. And the unreasonable application of facts, that really doesn't change that. Under the Jackson standard with no standard review or the unreasonable application, I contend are pretty much the same. But I would concede the fact that this is a very deferential standard of review. But we're not sitting in the court of appeals shoes doing that review. There's an additional layer here via AEDPA, right? Well, yes. I mean, we're looking at the state court decision. We're giving the state court decision all permissible inferences against, in favor of the verdict. And ultimately it comes down to whether this court would determine under the Jackson standard that a rational jury could come to the same conclusion. And the fact, my contention is that given the evidence in this case, that there was no, that a rational jury could not come to this conclusion. And I think I want to go back a second in terms of the time issue. I know that concerns the Court. But there's also evidence of Mr. Harrison's mental state. The evidence of his drinking. The evidence of the argument. And the evidence in the court that he was upset, the fact that he was, that he had, Ms. Nemolke had made him cry just previous to this. All these things go into the mix in terms of whether or not there was evidence of planning, reflection, motive. And even the district court found that the court of appeals had gone too far and some of the inferences, whether there was planning specifically, that the district court found that the fact that the court of appeals found planning from the fact that Mr. Harrison's mother was present and the attack only happened after he left and that he took his clothes with him after the attack, that did not support the inference that there was planning. If you look, if you break up the factors that the court of appeals would have to look at and the evidence supporting those factors of planning, motive, and nature of attack, I contend that there's no other conclusion that this was a spontaneous eruption by Mr. Harrison, that he went to get the first weapon available. Yes, he went to the kitchen, but he got the weapon and stabbed it repeatedly. And the fact is the nature of the attack suggests just that type of frenzied type of attack, which undercuts the fact that there's premeditation or deliberation. And those facts, I mean, the nature of the wounds, and there's no doubt that they're life-threatening, really speaks to the issue of intent to kill, not deliberation or premeditation. Would you like to take some time for rebuttal? Yes, I would.  Thank you. Good morning. May it please the Court. John Vance for Respondent McGrath. This is a, as the Court just has been discussing with counsel, an appeal from the district court's judgment of affirming the dismissal of a petition for writ of habeas corpus by a state court prisoner. As it is a state court decision that this Court is now reviewing, the question is, as this Court just said, under Jackson v. Virginia, did the state court get it objectively wrong? The state court did not. The discussion of the facts of the state law involved, we've made very clear in our brief, the court of appeals' opinion, state court of appeals' opinion in this case was a model of explanation of application of the historical facts of what happened to looking to whether it was sufficient to establish that premeditation and deliberation did occur. That opinion is not objectively unreasonable for at least all the reasons that they state, which I would just briefly like to mention a few of. The fact that I don't mention all of them is not, is more in deference to time than anything else. Basically, that at the point in time when the attack occurred, when Mr. Harrison decided that it was time to, you know, he chose to kill the victim, the argument was not taking place. Everything had happened. The argument had stopped. He had time. It wasn't like in a heat of, you know, two people fighting and there just happens to be a knife. This isn't what happened. There was no argument. The victim was on the patio comforting crying children. He had to go find a knife. He went into a kitchen. He got a knife. He didn't get a spoon. He didn't get a banana. He didn't, you know, bring out a blender. He got a knife. And he goes out onto the deck. He stabs her, saying, it's going down. His friends pull him off, and if there was any doubt at all that the State court of appeals decision is not objectively unreasonable, he returns after a period of time, as the State court of appeals pointed out, a minute to a minute and a half. He returns and attacks again and only desists when a neighbor, you know, he sees that a neighbor is watching. He desists. The phone, you know, at some point he tore the phone out. He leaves. He has the presence of mind to, you know, grab his stuff and leave. The court of appeals' opinion, State court of appeals' opinion was not objectively unreasonable. Unless the Court has any questions, we would be willing to submit. Thank you. Thank you very much. I still need to use all your time. Yes. I guess I understand the Court's feeling regarding this. But I do want to say pre-fraud. But we've read all that. Premeditation reads deliberation. And the problem is, is that as I see the record in this case in the court of appeals' decision, is that they compressed and conflated the concepts of express intent to kill and premeditation deliberation. And the fact is, is that when you look at the evidence supporting the premeditation, if you break it down from planning, there's really no planning in this particular case. I mean, this was an issue that he, yes, it happened at the end of a long day of arguments, arguments, drinking, his diminished mental state, which all came into evidence. And all that undercuts the issue of planning. The issue of motive, why then? I mean, and that's really, even the court of appeals said motive is really not a consideration in this case. And then what we have left under the Anderson test, we have the issue of method of attack. And the method of attack and the stabbings on the top of the body and the nature of the attacks and numerous wounds all suggest a spontaneous reaction. Yes, it was broken up by friends and he came back. But the issue is, is that, does that change the nature of the attack in this particular case? Does this reflect all the other, as all the other cases said, you know, the person has a plan to go into and they execute the plan. Is this evidence of, did Mr. Harrison have a plan? And I suggest evidence that he does not. Didn't the jury infer from his statement that he set the context, I have a plan, it's going down. Couldn't the jury make that inference? Yes, Your Honor. The jury quite well could have made the inference that, based on the jury instruction, that he had a plan or that he had a motive or that he had a method of attack suggested this. Although that's not the instruction. The instruction is a little bit different. It focuses on reflection and time to reflect and the careful weighing process that a person has to go through in terms of reflection. My contention is, although the jury could have done that, that no rational jury should have done that. Thank you. Thank you. Thank you very much. We appreciate your argument. The matter will be deemed submitted. Thank you.
judges: Noonan, Paez, Selna